IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN MARIE MUZZARELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 7570 |
| vs. | ) |
| | ) Magistrate Judge Sidney I. Shenkier |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER[1]

This case presents an appeal from the final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In an earlier Memorandum Opinion and Order, this Court held that (1) the Administrative Law Judge ("ALJ") did not sufficiently articulate the reasons underlying his decision by failing to consider all of the plaintiff's impairments; (2) the ALJ's residual functional capacity ("RFC") assessment contained unexplained inconsistencies with respect to both the testimony of the medical expert ("ME") and the application of correct regulations under SSR 96-8; and (3) the ALJ relied on a vocational expert's ("VE") answers to hypothetical questions that failed to incorporate plaintiff's impairments and limitations that the ALJ had found credible. *Muzzarelli v. Astrue*, 10 C 7570, 2011 WL 5873793 (N.D. Ill. Nov. 18, 2011). Accordingly, this Court remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at 28.

---

[1]On March, 15 2011, by consent of the parties (doc. # 12) and in accordance with 28 U.S.C. § 636(c), this matter was referred to this Court for all further proceedings, including the entry of final judgment (doc. # 14).

Ms. Muzzarelli has now petitioned this Court for an award of $5,959.47 in attorneys' fees and $367.13 in filing costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412 (doc. #31). Ms. Muzzarelli contends that the Commissioner was not substantially justified in denying her claim. For the reasons below, the Court grants Muzzarelli's application, but awards the revised amount of $4,492.13 to reflect an hourly billing rate of $125.00 plus costs. *See* 28 USC § 2412(d)(2)(A)(ii).

### I.

EAJA provides that a party who prevails against the United States in a civil action is entitled to an award of reasonable attorneys' fees. 28 U.S.C. § 2412(d). To be eligible for attorneys' fees under EAJA, a plaintiff must (1) file a timely application for fees and (2) be the prevailing party. Additionally, (3) the government's position in opposing the action must not have been substantially justified and (4) special circumstances must not make an award unjust. 28 U.S.C. § 2412(d)(1)(A)–(B). The government bears the burden of proving that its position was substantially justified. *See Bricks, Inc. v. E.P.A.*, 426 F.3d 918, 923 (7th Cir. 2005).

The government does not dispute that Ms. Muzzarelli was the prevailing party or that her application for fees was timely; nor does it assert that special circumstances would make awarding attorneys' fees unjust. Instead, the parties dispute whether the government's position was substantially justified and whether the requested attorneys' fees are reasonable.

### A.

In order to show that its position was substantially justified, the government must show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged

2

and the legal theory advanced." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citations omitted).

The government contends that each of the ALJ's errors consists merely in a failure to adequately clarify or sufficiently articulate the ALJ's rationale for his conclusions (Def.'s Resp. at 3–4). The government correctly notes that "the requirement that the ALJ articulate his consideration of the evidence is deliberately flexible" (Def's Resp. at 4). *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). Moreover, even when an ALJ "fail[s] to meet this articulation requirement [it] in no way necessitates a finding the [government's] position was not substantially justified." *Id.* at 320.

The government is correct with respect to one of the ALJ's errors—his failure to sufficiently explain why the mild limitations he ascribed to Ms. Muzzarelli at Step 2 did not merit a non-exertional limitation in the RFC. *See Muzzarelli*, 2011 WL 5873793 at *23. Although this error warranted remand, the ALJ's failure to articulate his reasoning does not mean that the government's position is not substantially justified.

However, the ALJ's remaining errors involved more than a mere failure to articulate his reasoning. The ALJ concluded that Ms. Muzzarelli could perform a reduced range of light work, with the ability to lift ten pounds occasionally, to sit for four hours, and to stand for six. *See Muzzarelli*, 2011 WL 5873793 at *24. As we noted in our remand order, however, the ALJ relied on the regulation defining sedentary work to find that Ms. Muzzarelli could perform reduced light work. 20 C.F.R. § 404.1567(a); *Muzzarelli*, 2011 WL 5873793 at *24. Moreover, on the facts found by the ALJ, Ms. Muzzarelli cannot perform even sedentary work, since such work requires the ability to sit for six hours, not four. This is a failure to apply the correct regulations, not a failure to articulate reasons. As a result, the government's reliance on the decision in *Stein* is misplaced. *Stein*,

966 F.2d at 319 (holding that the government was substantially justified where the ALJ failed to articulate his reasons, but where evidence supported the ALJ's decision). The government has failed to show that its position was grounded in "a reasonable basis in law," as required by *Hallmark*.

Additionally, the ALJ reached three mutually exclusive conclusions regarding Ms. Muzzarelli's ability to sit and stand: one in the RFC, a second in the narrative discussion supporting the RFC, and a third in the hypothetical question posed to the VE. *Muzzarelli*, 2011 WL 5873793 at *26. The government attempts to characterize this as nothing more than a failure to adequately discuss the basis for the ALJ's reasoning, and contends that because medical evidence ultimately supported the ALJ's decision the government's position was substantially justified (Def.'s Resp. at 5). There are two problems with this line of argument.

*First*, the ALJ expressed three different conclusions about Ms. Muzzarelli's physical capabilities. The ALJ's failure here was not just that he failed to explain the path of reasoning that led him to a conclusion, but a far more serious one. The ALJ's analysis included conflicting versions of the ME's testimony concerning Ms. Muzzarelli's limitations. *Muzzarelli*, 2011 WL 5873793 at *26–27.

*Second*, even if we assume that the RFC represents the ALJ's final determination concerning Ms. Muzzarelli's limitations, the RFC relied on an assessment of Ms. Muzzarelli's ability to sit and stand that is supported neither by the record nor by the ALJ's own summary of the ME's testimony in the narrative discussion. In other words, no medical evidence supports the RFC. The narrative discussion interpreted the ME's testimony to be that Ms. Muzzarelli's ability to sit and stand would fluctuate between good days and bad days. The RFC eliminated the good day/bad day distinction and found, without explanation, that Ms. Muzzarelli could sit for four hours and stand for six hours

4

on each work day. The RFC thus contradicted both the ME's testimony and the ALJ's summary of it in the supporting narrative discussion. *Muzzarelli*, 2011 WL 587393 at *26–27. This is not a failure to adequately articulate reasons for an otherwise justified position; it is a failure to show "a reasonable basis in truth for the facts alleged." *Hallmark*, 200 F.3d at 1080.

Finally, the ALJ failed to "incorporate into his hypotheticals [posed to the VE] those impairments and limitations that he accept[ed] as credible." *Muzzarelli*, 2011 WL 5873793 at *28, quoting *Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007). The government correctly notes that this failure stemmed partially from the inconsistencies in the ALJ's summaries of the ME's testimony (Def.'s Resp. at 4). However, the second hypothetical posed to the VE failed to incorporate even those limitations later included in the RFC. *Muzzarelli*, 2011 WL 5873793 at *28. Presumably, the ALJ found the limitations that he included in the RFC to be credible. In relying on the VE's testimony, the ALJ thus failed to established "a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark*, 200 F.3d at 1080.

For these reasons, we find that the government's position was not substantially justified. Accordingly, Ms. Muzzarelli is entitled to reasonable attorneys' fees.

**B.**

Ms. Muzzarelli has petitioned for $5,959.47 in attorneys' fees, calculated for 33 hours of work at $180.59 per hour (Pl.'s Mot: Ex. A). The government does not challenge the reasonableness of the amount of time plaintiff's attorney devoted to the case. Rather, the government attacks the reasonableness of the claimed hourly billing rate of $180.59, arguing that the rate should not exceed $125.00 per hour (Def.'s Resp. at 6–7).

> EAJA provides that attorneys' fees
>
> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). *See Mathews–Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). Plaintiff contends that cost of living increases based on the Consumer Price Index justify the higher hourly rate she claims of $180.59 (Pl.'s Mot. at 5). Contrary to the plaintiff's contention, cost of living adjustments to the hourly rate are "not automatic." *Mathews–Sheets*, 653 F.3d at 565. Rather, a plaintiff seeking a cost of living increase must "show that without a cost of living increase ... a lawyer capable of competently handling the challenge ... could not be found in the relevant geographical area to handle such a case." *Id.*

In support of her petition for a cost of living increase, plaintiff contends that other plaintiffs' attorneys have received similar adjustments and $180.50 per hour "has been established in other jurisdictions" (Pl.'s Reply at 3). Plaintiff cites the unpublished opinion of *Reynolds v. Astrue*, 10 C 01966 (N.D. Ill. Jan. 9, 2012) as the sole support for this proposition. In *Reynolds*, however, the Court awarded $171.25, not $180.50. Additionally, the Commissioner did not challenge the $171.25 figure. *See also Seabron v. Astrue*, 11 C 1078, 2012 WL 1985681 (N.D. Ill. June 4, 2012) (allowing cost of living increase where the Commissioner did not challenge that a CPI-calculated adjustment was appropriate). Here the Commissioner has challenge the reasonableness of the rate, so *Reynolds* is inapposite.

Plaintiff also asserts that "there is no [other] lawyer who would take her case in federal court" at the statutory rate (Pl.'s Reply at 2). This conclusory assertion falls short of the requirements set forth in *Mathews–Sheets* to justify an hourly rate greater than $125.00. 653 F.3d at 565. The plaintiff must show that the higher rate is justified in her particular case. *See, e.g. Scott v. Astrue*, 08 C 5882, 2012 WL 527523 (N.D. Ill. Feb. 16, 2012) (awarding a cost of living increase where the plaintiff detailed increases in her attorneys' costs due to inflation and submitted affidavits that other attorneys who practice in the Social Security arena charged similar rates); *Just v. Astrue*, 11 C 1856, 2012 WL 2780142 (N.D. Ill. July 9, 2012) (same); *see also Oatis v. Astrue*, 10 C 6043, 2012 WL 965104 (N.D. Ill. Mar. 20, 2012) (denying a fee of $170.00 per hour where plaintiff "merely ... list[ed] awards received by her counsel in other cases" and argued that inflation justified the increase).

Our assessment of the hourly rate for plaintiff's counsel is based on the factual record presented. That assessment does not establish what hourly rate may be reasonable for plaintiff's counsel in other cases based on the evidence she may choose to provide. The lesson of *Matthews–Sheets* (and the district court decisions that have applied it) is that if plaintiff's counsel seeks an hourly rate greater than $125.00, she must provide evidence to show that an increased rate is warranted. Conclusory assertions will not suffice.

## CONCLUSION

For the foregoing reasons, we grant the motion for attorneys' fees (doc. # 31). We award attorneys' fees of $4,125.00 (33 hours x $125 hour) plus $367.13 in costs, for a total award of $4,492.13.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: July 17, 2012**